IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

ANN MARIE HILS,

                    Petitioner,

v.                                                             Case No. 1:19-cv-00175

WARDEN, Federal Prison Camp
Alderson,

                    Respondent.

PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and Respondent's Response to Order, in which he requests dismissal of the petition. (ECF Nos. 1, 9). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Petitioner is clearly not entitled to relief; therefore, the undersigned respectfully **RECOMMENDS** that the § 2241 petition be **DENIED;** that Respondent's request for dismissal be **GRANTED;** and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

I.      Relevant History

In June 2015, Petitioner Ann Marie Hils ("Hils") was sentenced in the United States District Court for the District of Connecticut to 63 months of imprisonment after

1

being convicted of conspiracy to commit bank and mail fraud. *United States v. Hils,* Case No. 3:13-CR-8 (D. Ct. June 9, 2015), at ECF No. 239. On March 12, 2019, while incarcerated in the Federal Prison Camp at Alderson, West Virginia, Hils filed the instant petition pursuant to 28 U.S.C. § 2241. (ECF No. 1). In the petition, Hils complains that the Federal Bureau of Prisons ("BOP") improperly delayed implementation of the good conduct credit provisions contained in the First Step Act, which Hils believes should have been applied beginning on December 21, 2018—the effective date the First Step Act. (*Id.* at 2). Hils asks the Court to immediately grant her good conduct credit of 54 days for each year of her sentence of imprisonment. (*Id.* at 7).

On April 8, 2019, pursuant to a show cause order, Respondent filed a response to Hils's petition, requesting that it be dismissed as premature. (ECF No. 9). Respondent asserts that the First Step Act's provisions related to good conduct time ("GCT") have a delayed implementation date, which is tied to the date on which the Attorney General completes and releases a risk and needs assessment tool. (*Id.* at 3). Because the assessment tool was not yet available at the time of Hils's petition, Respondent argues that the issue before the Court is not ripe for adjudication.

Hils was given an opportunity to file a reply memorandum in opposition to Respondent's request for dismissal; however, she failed to do so. According to the Court's docket, Hils was released to a residential reentry center at some point between July 18 and September 18, 2019. (ECF No. 11). On January 10, 2020, Hils was released entirely from the custody of the BOP. *See* www.bop.gov/inmateloc/.

## II.    **Standard of Review**

Although Respondent does not state under which rule he seeks dismissal, given the stage of the proceedings and nature of the arguments presented, his request is best

understood as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). A motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id.* Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion to dismiss under Rule 12(b)(1) is the appropriate avenue by which to raise the issue of ripeness. A federal court lacks jurisdiction under Article III of the United States Constitution to consider a matter that is not ripe for adjudication. *Allied World Surplus Lines Ins. Co. v. Blue Cross & Blue Shield of S.C.*, No. CV 3:17-903-RMG, 2017 WL 3328230, at *2 (D.S.C. Aug. 3, 2017) ("The doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in clean-cut and concrete form.")

(quoting *Miller v. Brown,* 462 F.3d 312, 318-19 (4th Cir. 2006)); *also United States v. Town of Garner, N. Carolina*, 720 F. Supp. 2d 721, 728 (E.D.N.C. 2010) ("Because ripeness implicates Article III limitations, it may properly be raised in a Rule 12(b)(1) motion."). Here, Respondent is bringing a factual challenge to this Court's jurisdiction over Hils's petition, alleging that the petition is premature given the express language of the First Step Act. As such, this Court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *See L.K. ex rel. Henderson v. N. Carolina State Bd. of Educ.*, No. 5:08-CV-85-BR, 2011 WL 861181, at *4 (E.D.N.C. Feb. 18, 2011), *report and recommendation adopted*, No. 5:08-CV-00085-BR, 2011 WL 861154 (E.D.N.C. Mar. 9, 2011).

## III.    **Discussion**

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194, amended 18 U.S.C. § 3624(b) by allowing inmates to receive 54 days of GCT for each year of their imposed sentence, rather than for each year actually served. *See* 18 U.S.C. § 3624(b)(1), *as amended by* Pub. L. 115-391, § 102(b)(1)(A)(i), 132 Stat. 5194, 5210. The result of the amendment was that inmates were likely to receive more GCT; thereby, requiring the BOP to recalculate the projected release dates of most inmates. 132 Stat. at 5213.

Although the First Step Act was enacted on December 21, 2018, Congress explicitly stated in § 102(b)(1)(A) of the Act that the recalculation of GCT and associated projected release dates would not take effect until "the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code, as added by section 101(a) of this Act." *Id*. Section 101(a) of the Act required the Attorney General to develop and release the risk assessment tool within 210 days from enactment, which when calculated, was on or before July 19, 2019.

132 Stat. at 5196. Accordingly, at the time Hils filed her petition for habeas relief, the relevant GCT section of the First Step Act was not yet in effect. *See, e.g., Coney v. Bolster*, No. 2:19CV248, 2019 WL 7877380, at *1–2 (E.D. Va. Nov. 12, 2019), *report and recommendation adopted,* No. 2:19CV248, 2020 WL 603476 (E.D. Va. Feb. 7, 2020); *Dailey v. Bureau of Prisons*, No. CV 1:19-0662-RMG, 2019 WL 2089167, at *1 (D.S.C. May 13, 2019); *Thompson v Warden*, No. 2:19-cv-89 (JRS/DLP), 2019 WL 2412580, at *3 (S.D. Ind. June 7, 2019);  *Rhodes v. United States*, No. 0:19-CV-047-HRW, 2019 WL 2273848, at *2 (E.D. Ky. May 28, 2019); ); *Pizarro v. White*, No. 1:19-cv-343, 2019 WL 1922437, at *1 (M.D. Pa. Apr. 30, 2019).

As Respondent points out, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated." (ECF No. 9 at 2) (quoting *Texas v. United States,* 522 U.S. 296, 300 (1998)). As a prerequisite to the exercise of federal jurisdiction, the complaint before the court must present an actual case or justiciable controversy. *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 58, n. 18 (1993) (noting that the "ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction."). "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. *Ross v. Reed*, 719 F.2d. 689, 693-94 (4th Cir. 1983). Here, Hils filed her petition well before the Attorney General was required to develop and release the mandated risk assessment system. As the GTC provisions did not take effect until the day the assessment was released, the undersigned **FINDS** that Hils's claim for a sentence reduction was premature and, therefore, subject to dismissal for lack of jurisdiction. See, e.g., *Coney*, 2019 WL 7877380, at *1; *White v. Bureau of Prisons*, No. CV 9:19-762-JMC-BM, 2019

WL 2517082, at *2 (D.S.C. May 17, 2019), *report and recommendation adopted,* No. 9:19-CV-00762-JMC, 2019 WL 2513712 (D.S.C. June 18, 2019). The undersigned takes note that shortly after the risk assessment system was published, Hils was sent to a residential reentry center and ultimately was released in January 2020, prior to her original projected release date. Consequently, Hils apparently received the sentence recalculation authorized in the First Step Act.

## IV.    Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's request for dismissal, (ECF No. 9), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the

Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:** May 6, 2020

Cheryl A. Eifert
United States Magistrate Judge